UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANASSEH STOKES,<br><br>    Plaintiff,<br><br>v.<br><br>SBS TRANSPORT, LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-02086-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S REQUEST FOR SANCTIONS**<br><br>Re: Dkt. Nos. 25, 26 |

Now before the Court for consideration is Plaintiff's request for sanctions pursuant to pursuant to California Code of Civil Procedure section 1281.99 ("Section 1281.99") arising from Defendants' breach of the arbitration agreement in this matter and this Court's Order vacating the order compelling arbitration in this matter. The Court has reviewed Plaintiff's request for sanctions and the supplemental declaration in support of the request, and it GRANTS, IN PART, and DENIES, IN PART, Plaintiff's request. The Court awards sanctions in the amount of $300.00.

## BACKGROUND

On January 3, 2023, the Court granted Plaintiff's motion to vacate the order compelling arbitration in this matter. (Dkt. No. 25.) The Court determined Plaintiff was entitled to sanctions pursuant to California Code of Civil Procedure section 1281.99 ("Section 1281.99"), which requires a court to impose sanctions against a drafting party in breach of an arbitration agreement by ordering them to pay "the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach." Cal. Civ. Proc. § 1281.99. Plaintiff requested monetary sanctions in the amount of $23,455.00. Plaintiff's lump sum request included a $250 arbitration fee, 2.50 hours of a senior associate's time at an hourly rate of $950, and 24.20

hours of counsel's time at $775.  The Court determined it was unable to evaluate the reasonableness of the requested fees based on Plaintiff's unsubstantiated lump sum request and ordered Plaintiff to file a supplemental declaration providing a "detailed accounting" of the request for attorneys' fees and costs including "detailed time records justifying the hours worked and…a showing that the hourly rates charged are reasonable in light of the prevailing market rates in the relevant legal market." (Dkt. 25 at 5:24-25.)  The Court ordered Plaintiff to exclude fees and costs incurred opposing the initial motion to compel arbitration.

On January 10, 2023, Plaintiff's counsel, Sara Tosdal, filed a supplemental declaration supporting the request for sanctions.  (Dkt. No. 26 ("Tosdal Decl.").)  Counsel requests fees and costs in the amount of $14,265.60, which includes the time spent on the motion to vacate the order compelling arbitration and arbitration fee.  (*Id*. ¶ 2.)  Counsel now attests the arbitration initiation fee was $300. (*Id*.; Ex. B.)  She attests a team of three attorneys, including herself, senior associate Joshua Boxer, and a junior associate, Kristen Doyen, worked on the present motion.  (*Id*. ¶¶ 3-4, 6.)  Doyen was not mentioned in the original request for sanctions.  Tosdal attests she spent 7.8 hours preparing the motion to vacate, reviewing Defendants' opposition, reviewing the reply brief and preparing the instant declaration.  (*Id*. ¶ 7.)  Counsel further attests Boxer spent 1.5 hours reviewing the motion and Doyen spent "a minimum of 15 hours conducting legal research, reviewing Defendants' opposition and supporting documents, and preparing the reply brief to Plaintiff's motion to vacate." (*Id*.)  In support of the hours worked, counsel submits a chart summarizing the total hours worked for each attorney. (*Id*., Ex. A.)

**ANALYSIS**

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours ..." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Plaintiff's counsel has failed to meet this burden.  The Court's prior Order made clear that to establish the reasonableness of the requested fees, Plaintiff would be required to submit detailed time records establishing the time worked and tasks performed on this matter.  Counsel has failed to do so.

2

The supplemental declaration provides little information beyond the conclusory assertions of hours worked and time spent in the original motion and thus, fails to correct the deficiencies identified by the Court in its prior Order. Plaintiff has not identified discrete tasks performed by counsel, the specific amount of time spent on each task, or a breakdown of the days on which tasks were performed. Plaintiff's broad categorization of activities such as "Law & Motion" and "Research/ Document Review/ Internal Communications" is insufficient because it provides no details justifying the hours worked. *See* Tosdal Decl., Ex. A. Importantly, Plaintiff has still not attached billing records or time entries for the work performed on this matter. The chart Plaintiff submitted is not a billing record and it is not a justification of the hours worked; it simply repackages the lump sum request from the declaration in a different format. Given that the opening and reply brief combined constitute fewer than ten pages of argument and include minimal legal citations, the Court cannot conclude twenty-four hours to be a reasonable expenditure of time absent any evidence supporting the work done.

Additionally, Plaintiff's supplemental declaration creates unexplained inconsistencies between the fees requested in the original motion and the fees requested in the supplemental declaration. Counsel now attests fifteen hours of work—the bulk of the work on this motion—was performed by Doyan, an associate who was not mentioned in the original motion. Counsel offers no explanation for this, but either Doyan's hours were erroneously excluded from the original motion or were improperly attributed to a different attorney. This unexplained inconsistency underscores the importance of billing records in fee requests. And in the absence of any detailed billing entries, this unexplained inconsistency adds to the Court's difficulty in assessing the reasonableness of the fees.

Accordingly, given the absence of proper evidence from Plaintiff on the hours worked and the inconsistencies in the requested fees, the Court concludes Plaintiff has failed to meet his burden to establish the reasonableness of the hours worked. The Court is unable to accurately determine whether the fees incurred by the lawyers as a result of the breach are reasonable. The Court thus DENIES Plaintiff's request for sanctions to the extent he seeks attorney's fees and will exclude the requested attorney's fees from its award of sanctions.

Counsel also requests reimbursement of Plaintiff's initial arbitration filing fee in the amount of $300. Counsel includes the firm's billing record of this payment and a confirmation of payment in that amount from AAA. (*See* Tosdal Decl., Ex. B.) The Court finds this is a reasonable expense, which Defendants should be ordered to pay as sanctions for their breach in accordance with Section 1281.99.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Plaintiff's request for sanctions and ORDERS Defendants to pay Plaintiff $300.00 as reasonable expenses under Section 1281.99.

**IT IS SO ORDERED.**

Dated: January 12, 2023

JEFFREY S. WHITE
United States District Judge